# WILLIAM A. SPENCE, Appellant, v. W. E. RENFRO, Respondent.

### St. Louis Court of Appeals, March 4, 1901.

1. **Title to Real Estate:** ESTOPPEL IN PAIS: CONSTITUTIONAL QUESTION: JURISDICTION.  Where the sole object of a suit is to set up title in plaintiff to real estate, and the only defense is that plaintiff's title has been defeated by his conduct, creating an estoppel *in pais*, the action involves the title to real estate in a constitutional sense, and an appeal therein should have been to the Supreme Court, and not to the Court of Appeals.

2. **Statutory Construction:** TRANSFER OF CASE.  And in accordance with the statute governing such cases (Revised Statutes 1899, section 1657), the case is transferred to the Supreme Court.

Appeal from Butler Circuit Court.—*Hon. J. L. Fort,* Judge.

TRANSFERRED TO SUPREME COURT.

No briefs furnished Reporter.

BOND, J.—The petition in this case alleges that the plaintiff is the owner of the one-half of two quarter sections of land under a deed conveying the same in fee to him, executed on the eighth day of July, 1895, which was duly recorded. That on the —— day of ——, 1898, the collector of the revenue of the county in which the land is situated, brought suit for delinquent taxes thereon; that the plaintiff was not made a party to this action; that the persons named as defendants therein had no title whatever to said land; that it proceeded to judgment and order of sale whereon, on the fifth day of October, 1899, the land was sold to the defendant for the sum of $57; that plaintiff had no notice or knowledge whatever of the pendency of said tax suit or the rendition of the judgment and order of sale therein. The petition prays that the sheriff's sale of said land be declared void and that he be enjoined from delivering a deed to the purchaser thereunder and for general relief.

The answer admits all the allegations of the petition as to the ownership of plaintiff of said land, and his non-joinder as a defendant in the proceedings to sell the same, brought by the collector of the revenue, and sets up as an affirmative defense that the plaintiff appeared at the sale of the land made by the sheriff and participated in the bidding therefor and was next to the highest bidder at the time when it was struck off to the defendant, and never disclosed any interest or ownership in said land until after it had been thus stricken off, whereupon plaintiff turned to defendant and stated that he,

plaintiff, was the owner of that land and had not been made a party to the tax suit and that defendant would get no title by his purchase. All of which the answer pleads as an estoppel to plaintiff from asserting or claiming any title to said land against this defendant. The case went to trial and a decree was entered dismissing plaintiff's petition, from which he has appealed to this court.

The sole object of the suit is to set up title to plaintiff in the real estate described therein. The only defense is that plaintiff's title was defeated by plaintiff's conduct, creating an estoppel *in pais*. The sustension of this defense by the lower court necessarily operates, unless reversed on appeal, to deprive plaintiff of any title to the land in question against the defendant. If the matters pleaded in the answer constitute an estoppel in law, then the admitted title of plaintiff to the land is invalidated as to the defendant. In passing on the sufficiency of the defense set up in the answer, we necessarily pass upon the validity or invalidity of plaintiff's title. We do not, therefore, perceive how the conclusion can be avoided, that this action involves the title to real estate in a constitutional sense and that the appeal taken herein should have been to the Supreme Court and not to this court. In accordance with the statute governing such cases (Revised Statutes 1899, section 1657), the case is hereby transferred to the Supreme Court. All concur.